Thomas F. Bertrand, SBN 056560
Richard W. Osman, SBN 167993
BERTRAND, FOX & ELLIOT
2749 Hyde Street
San Francisco, Ca 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
Email: rosman@bfesf.com

Attorneys for Defendants
CITY OF SAN RAFAEL,
RYAN DEMARTA and RYAN COGBILL

James D. Rush, SBN 240284
LAW OFFICES OF JAMES D. RUSH, APC
7665 Redwood Boulevard, Suite 200
Novato, CA 94945
Telephone: (415) 897-4801
Facsimile: (415) 897-5316

Attorney for Plaintiffs
GREGORY L. SULLIVAN and
KOJI FUJITA

Brian K. Gearinger, SBN 146125
GEARINGER LAW GROUP
825 Van Ness Ave., 4th Floor
San Francisco, CA 94109
Telephone: (415) 440-3175
Facsimile: (415) 440-3103
Email: brian@gearingerlaw.com

Attorneys for Plaintiffs
GREGORY L. SULLIVAN and
KOJI FUJITA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. SULLIVAN and KOJI FUJITA,<br><br>    Plaintiffs,<br><br>              v.<br><br>CITY OF SAN RAFAEL, a government entity; SAN RAFAEL POLICE DEPARTMENT, a government entity; RYAN DEMARTA, individually, and in his capacity as police officer for the CITY OF SAN RAFAEL; RYAN COGBILL, individually, and in his capacity as police officer for the CITY OF SAN RAFAEL; and DOES 1 to 100,<br><br>    Defendants. | Case No.: CV 12-01922 MEJ<br><br>**STIPULATION AND PROTECTIVE ORDER** |

STIPULATION AND PROTECTIVE ORDER

**STIPULATION**

1.     The parties to the above-entitled action, by and through their counsel of record, hereby stipulate to entry of the attached protective order as to materials to be produced in discovery herein by defendants CITY OF SAN RAFAEL, SAN RAFAEL POLICE DEPARTMENT, RYAN DEMARTA and RYAN COGBILL. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The materials included in the above-mentioned protective order are as follows:

   a.  Any document which comprises an officer's personnel file and which is produced in discovery in the within matter from police personnel files maintained by any defendant, including any Internal Affairs investigations and all other matters in an officer's personnel file;

   b.  The names, addresses and telephone numbers of any civilian witnesses disclosed by defendants in discovery (defendants agree materials containing civilian witness information do not have to be filed under seal);

   c.  Any and all police reports and other investigative materials disclosed by defendants in discovery (defendants agree materials containing civilian witness information do not have to be filed under seal); and,

   d.  Other materials that the parties agree in writing are to be covered by this Order.

All "confidential material" shall be designated by stamping or otherwise marking each such document as follows: "CONFIDENTIAL".

2.     Confidential material shall be used solely in connection with the preparation and litigation of the case in the within action (Case No. CV 12-01922 MEJ) or in any related appellate

1  proceeding, and not for any other purpose, including any other litigation, without the express approval of
2  this court.

3　　　3.　　Confidential material may not be disclosed, except as is provided in paragraphs 4 and 5,
4  below.

5　　　4.　　Confidential material may be disclosed only to the following persons: (a) parties and
6  counsel for any party to this litigation; (b) paralegal, stenographic, clerical, and secretarial personnel
7  regularly employed by counsel for the parties in this litigation; (c) court personnel, including
8  stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for trial
9  in this action; and (d) any outside expert or consultant retained by any party to the action in connection
10 with the action, and not otherwise employed by either party.  Nothing in this paragraph (4) is intended to
11 prevent officials or employees of any defendant, or other authorized government officials, from having
12 access to the documents so designated if they would have such access in the normal course of their job
13 duties.  Furthermore, nothing herein prevents any witness from disclosing events or activities personal to
14 him or her, that is, a witness may disclose to others, without restriction under this order, information
15 previously given to any defendant with respect to what he or she saw, heard, or otherwise sensed.

16　　　5.　　Without written permission from the party designating materials as confidential or a court
17 order secured after appropriate notice to all interested persons, a party may not file in the public record
18 in this action any confidential material contained in Paragraph One, subpart a., above. Instead,
19 confidential material contained in Paragraph One, subpart a., above, must be filed under seal. Materials
20 contained in Paragraph One, subparts b. and c., above, do not need to be filed under seal. A party that
21 seeks to file under seal any confidential material must comply with Civil Local Rule 79-5 and General
22 Order 62. Confidential material may only be filed under seal pursuant to a court order authorizing the
23 sealing of the specific confidential material at issue.  Pursuant to Civil Local Rule 79-5 and General
24 Order 62, a sealing order will issue only upon a request establishing that the confidential material at
25 issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a
26 request by a party in receipt of material designated confidential to file said confidential material under
27 seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the party in
28

1 receipt of the material designated as confidential may file the information in the public record pursuant
2 to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

3       6. Each person to whom disclosure is made, with the exception of counsel, who are
4 presumed to know the contents of this protective order, shall be provided by the person furnishing him
5 or her "confidential material," as designated hereunder, with a copy of this order, and shall agree that he
6 or she has read this protective order and consents to be subject to the jurisdiction of this court with
7 respect to the enforcement of this order, including without limitation, any proceeding for contempt.
8 Unless such agreement is made on the record in this litigation, counsel making the disclosure to any
9 person described above shall retain the original executed copy of said written notification until final
10 termination of this litigation.

11       7. At the conclusion of the trial in this matter, and of any appeal, or upon the termination of
12 this action by any other means, all confidential material received under the provisions of this order,
13 including any copies made thereof, shall be tendered back to the appropriate parties or their attorneys.
14 Provisions of this order, insofar as they restrict the disclosure and use of the material, shall remain in full
15 force and effect until further order of this court.

16       8. The foregoing is without prejudice to the right of any party to this action:  (a) to apply to
17 the court for a further protective order relating to any confidential material or relating to discovery in
18 this litigation; (b) to apply to the court for an order removing the confidential material designation from
19 any document; and, (c) to apply to the court for an order compelling production of documents or for
20 modification of this order or for any order permitting disclosure of confidential material beyond the
21 terms of this order.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

Counsel for the parties to this action hereby declare that they have read the foregoing, that they approve thereof as to form and content, and that, on behalf of their clients in this action, they stipulate thereto.

**SO STIPULATED.**

Dated:  February 5, 2013                                        BERTRAND, FOX AND ELLIOT

                                                         By: /s/ *Richard W. Osman*
                                                              Richard W. Osman
                                                              Attorneys for Defendants

Dated:  February 5, 2013                                        LAW OFFICE OF JAMES D. RUSH

                                                         By: /s/ *James D. Rush*
                                                              James D. Rush
                                                              Attorneys for Plaintiffs

Dated:  February 5, 2013                                        GEARINGER LAW GROUP

                                                         By: /s/ *Brian Gearinger*
                                                              Brian Gearinger
                                                              Attorneys for Plaintiffs

### ORDER

WHEREFORE, pursuant to stipulation of the parties, it is hereby ordered that the Stipulated Protective Order governing the protection of confidential material set forth above becomes the Order of this Court and shall be imposed in this Action.

**IT IS SO ORDERED.**

DATED: February  6 , 2013                     _____
                                              HONORABLE MARIA-ELENA JAMES

---
4
STIPULATION AND PROTECTIVE ORDER